## JOHN F. BARTA v. JOHN NESTAVAL.[1]

May 26, 1916.

Nos. 18,970—(22).

**Vacating default judgment — evidence.**

> Appeal from an order opening judgment by default. The affidavits are sufficient to sustain a finding either that the answer was served in time, or that, if not served in time, the default was due to inadvertence and excusable neglect of defendant. In either case the order should be affirmed.

Action in the district court for Le Sueur county by the administrator of the estate of John Svejda, Senior. From an order, Morrison, J., vacating a judgment entered by default, plaintiff appealed. Affirmed.

*W. T. Hanzal,* for appellant.
*Charles C. Kolars,* for respondent.

HALLAM, J.

Plaintiff commenced this action to recover $40 for services rendered. On May 29, 1914, his attorney filed an affidavit stating that the summons was served on defendant personally on May 8, and procured judgment by default. On June 3 defendant took steps to open the judgment and be permitted to answer. He presented an affidavit stating that he believed the summons was served May 12. It is further made to appear that on May 19 defendant took the summons and complaint to an attorney, told the attorney that the summons was served May 12, and instructed the attorney to interpose an answer. The answer was prepared May 27, verified May 28, and served by mail May 29, the same day judgment was entered. Defendant further states that if the summons was in fact served May 8,

[1]Reported in 157 N. W. 1076.

---

Note.—Authorities on the question whether neglect of counsel is to be imputed to party, under statute providing for relief from judgment taken by mistake, inadvertence, surprise or excusable neglect, are gathered in a note in 27 L.R.A.(N.S) 858.

instead of May 12, he had become mistaken as to the date of service. The court ordered the judgment vacated upon payment of five dollars costs by defendant.

The court did not state particularly the ground on which the relief was granted, and if the affidavits submitted by defendant are sufficient to establish any state of facts which would warrant the opening of the judgment, the order must be affirmed. Upon the affidavits submitted the court might have found that the summons was served May 12, in which event defendant was entitled to have the judgment opened as a matter of right. Upon those affidavits the court might also find that the summons was served May 8, but that the default in answering until after May 28 was due to inadvertence and excusable neglect of defendant. In that event the question whether the judgment should be vacated was one resting largely in the discretion of the trial court, and the order will not be reversed unless there is an abuse of such discretion. The showing made by defendant was ample to call for the exercise of the court's discretion and to sustain an order made in the exercise of such discretion.

Order affirmed.